IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Spann, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 5313 |
| Commercial Recovery Systems, Inc., a Texas corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kenneth Spann, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Kenneth Spann ("Spann"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt owed for a Household Finance account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Commercial Recovery Systems, Inc., is a Texas corporation ("Commercial") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Commercial operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Commercial was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Spann.

5. Defendant Commercial is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Commercial conducts business in Illinois.

6. Moreover, Defendant Commercial is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Commercial acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Spann is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Household Finance account. When Defendant Commercial began trying to collect this debt from Mr. Spann, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Commercial's collection actions.

8. On April 28, 2010, one of Mr. Spann's attorneys at LASPD informed Commercial, in writing, that Mr. Spann was represented by counsel, and directed

Commercial to cease contacting him, and to cease all further collection actions because Mr. Spann was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Commercial sent collection letters, dated May 7, 2010 and May 10, 2010, directly to Mr. Spann, which demanded payment of the Household Finance debt. Copies of these letters are attached as Exhibits D and E, respectively.

10. Accordingly, on July 29, 2010, Mr. Spann's LASPD attorney had to fax Defendant Commercial another letter, to again direct it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Commercial's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Commercial's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt which the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

3

15. Here, the letter from Mr. Spann's agent, LASPD, told Defendant Commercial to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Commercial violated § 1692c(c) of the FDCPA.

16. Defendant Commercial's violations of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Commercial knew that Mr. Spann was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant Commercial to cease directly communicating with Mr. Spann. By directly sending Mr. Spann collection letters (Exhibits D and E), despite being advised that he was represented by counsel, Defendant Commercial violated § 1692c(a)(2) of the FDCPA.

20. Defendant Commercial's violations of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Kenneth Spann, prays that this Court:

1.  Find that Defendant Commercial's debt collection actions violated the FDCPA;

2.  Enter judgment in favor of Plaintiff Spann, and against Defendant Commercial, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kenneth Spann, demands trial by jury.

Kenneth Spann,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 23, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com